FLYNN v. FLYNN

[126 N.C. App. 545 (1997)]

━━━━━━━━━━

INA BERNICE FLYNN v. WINSTON E. FLYNN

No. COA96-1306

(Filed 17 June 1997)

**Courts § 104 (NCI4th)— transfer of case to district court— interlocutory order—not immediately appealable**

An order granting defendant's motion to transfer an action in fraud from superior to district court was interlocutory and not immediately appealable pursuant N.C.G.S. § 7A-260.

**Am Jur 2d, Courts §§ 54 et seq.; Judgments § 584.**

Appeal by plaintiff from order entered 16 September 1996 by Judge Julius A. Rousseau in Wilkes County Superior Court. Heard in the Court of Appeals 2 June 1997.

*Franklin Smith for plaintiff appellant.*

*James A. Everett for defendant appellee.*

PER CURIAM

On 22 July 1996, plaintiff filed a complaint in the Superior Court of Wilkes County purporting to allege an action in fraud against defendant, her husband. Plaintiff and defendant entered into a premarital agreement on 2 April 1991 providing in part that "all property now owned or hereafter acquired by them in their separate names shall be considered 'separate property' . . . regardless of the source of funds used to acquire said property." The parties were married on 20 July 1991.

On 17 August 1993, defendant transferred title to his real property by warranty deed from himself to grantees "Winston E. Flynn and wife, Bernice Jolly Flynn." On 23 August 1993, six days after the date of the deed, plaintiff and defendant signed a handwritten document stating:

> I have agreed to pay Winston Flynn Sixty Thousand dollar [sic] when the deed of my house is closed. If I die he has the right to live in the house till his death. At his death my daughter, Patricia A. Jolly is to receive the house and shop.

Plaintiff alleges that she gave defendant $64,000.00 to purchase his real property based on the mistaken belief that the deed dated 17 August 1993 vested legal title in her name alone and not as tenants by the entirety. She alleges in her complaint that defendant acted to intentionally deceive her with regard to the transfer of his real property.

On 2 August 1996, defendant filed a motion to dismiss plaintiff's claim, and in the alternative, a motion to transfer the action to district court, on the grounds that the superior court lacked subject matter jurisdiction because the complaint sought equitable distribution of marital property. The trial judge in Wilkes County entered an order granting defendant's motion to transfer to district court on 16 September 1996. Plaintiff appeals.

N.C. Gen. Stat. § 7A-260 (1995) provides:

> Orders transferring or refusing to transfer are not immediately appealable, even for abuse of discretion. Such orders are reviewable only by the appellate division on appeal from a final judg-

ment. If on review, such an order is found erroneous, reversal or remand is not granted unless prejudice is shown. If, on review, a new trial or partial new trial is ordered for other reasons, the appellate division may specify the proper division for new trial and order a transfer thereto.

This interlocutory appeal is dismissed.

Panel consisting of:

Judges EAGLES, McGEE and SMITH.